**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

SHEILA A. KELLEY,               )
                               )
               Plaintiff,      )
                               )
v.                             )        Case No. CIV-14-185-FHS-KEW
                               )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                               )
               Defendant.       )

**REPORT AND RECOMMENDATION**

Plaintiff Sheila A. Kelley (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on September 9, 1959 and was 54 years old at the time of the ALJ's latest decision.  Claimant obtained a GED. Claimant has worked in the past as a furniture factory worker and as a stocking clerk.  Claimant alleges an inability to work beginning June 1, 2001 due to limitations resulting from depression, anxiety, stress, and pain.

## Procedural History

On March 9, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on August 16, 2010. The decision was appealed to this Court where it was reversed and remanded for further proceedings on September 25, 2013.

On March 16, 2012, Claimant protectively filed a second Title II application and on March 19, 2012, she filed a second Title XVI application. Both applications were denied initially and on reconsideration. Claimant alleged a disability onset date of August 22, 2010 in both applications. The Title XVI application was considered duplicative by the Appeals Council.

On remand, ALJ Bernard Porter conducted a second administrative hearing on November 20, 2013. At the hearing, Claimant amended the onset date to March 9, 2009 and stated this was a Title XVI case only. On January 17, 2014, the ALJ issued a second unfavorable decision. Claimant did not seek review before the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of

further appeal.  20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform a restricted range of light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to identify all of her severe impairments at step two; (2) failing to find Claimant's impairments meet a listing; (3) reaching an improper RFC; and (4) making unsupported findings at step five.

**Step Two Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of major depressive disorder; anxiety disorder; dependent personality; and bilateral temporomandibular joint disorder.  (Tr. 353).  The ALJ concluded Claimant retained the RFC to perform a restricted range of light work.  In so doing, the ALJ found Claimant could lift/carry 20 pounds occasionally and 10 pounds frequently; could stand/walk for six hours in an eight hour workday; and sit for six hours in an eight hour workday.  Claimant was found to be able to occasionally climb ramps and stairs but never climb ropes, scaffolds, and ladders or crawl.  Claimant must

avoid exposure to unprotected heights, moving mechanical parts, and temperature extremes. Because of psychologically based factors, the ALJ determined Claimant could perform simple work tasks and make simple work related decisions and could have occasional contact with co-workers and supervisors but no contact with the public. Because of episodic symptomatology, Claimant would be off task five percent of the workday and might miss up to one day per month. (Tr. 357). After consultation with a vocational expert, the ALJ found Claimant could perform the representative job of small product assembler, motel housekeeper, and electrical assembler. (Tr. 366). Based upon this finding, the ALJ determined Claimant was not under a disability for the period from June 1, 2001 through the date of the decision. Id.

Claimant suggests the ALJ should have found her neck, back, and joint pain as severe impairments. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional

6

impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In this case, the ALJ did not end the sequential evaluation at step two by finding Claimant had no severe impairments. Moreover, he considered Claimant's neck, back, and joint pain. He did conclude objective findings did not justify considering the conditions to be severe impairments. (Tr. 354-55). Since he did not deny benefits at step two based upon the lack of any severe impairments, the ALJ's failure to include these conditions does not constitute reversible error.

## Listings

Claimant contends the ALJ should have found her mental impairments met three separate listings – Listing 12.04 pertaining to affective disorders, Listing 12.06 related to anxiety disorder, and Listing 12.08 for personality disorder. Claimant cites to little in the record to support this position. She refers to the report of Dr. Theresa Horton stemming from an consultative examination dated May 29, 2012. (Tr. 632-34). However, this report does not support the level of limitation required to meet any of the listings. A Psychiatric Review Technique completed contemporaneously shows only a moderate limitation in the area of difficulties in maintaining social functioning. (Tr. 645). This finding falls far short of the requirements for a listing.

An unsigned mental RFC in the record demonstrates only

moderate limitations in the areas of the ability to understand and remember detailed instructions; ability to carry out detailed instructions; and ability to interact appropriately with the general public. (Tr. 649-50). An additional mental RFC completed by Dr. Veena Ghai and dated June 26, 2012 also found moderate limitations in the areas of ability to understand and remember detailed instructions; ability to carry out detailed instructions; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; ability to work in coordination with or proximity to others without being distracted by them; ability to interact appropriately with the general public; and the ability to respond appropriately to changes in the work setting. (Tr. 653-54).

A Psychiatric Review Technique was also completed July 18, 2012 by Dr. Kenneth Wainner also found a single moderate limitation. (Tr. 667).

The ALJ is required to follow the procedure for determining mental impairments provided by regulation. 20 C.F.R. §§ 404.1520a, 416.920a; *See*, Listing of Impairments. The procedure must be followed for the evaluation to be considered valid. <u>Andrade v. Sec. of Health & Human Services</u>, 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether there are medical

findings of mental impairment especially relevant to the ability to work found in Part A of the Listing of Impairments. 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Additionally, Claimant must show he satisfies two of the following required restrictions: (1) marked restriction in activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04. The ALJ must then either evaluate the degree of functional loss resulting from the impairment, using the Part B criteria, or examine the special criteria set forth in the listings for evaluating the severity of particular impairments. The evidence indicates Claimant has certainly not met the listing requirements under paragraph B. As a result, the ALJ did not err in finding Claimant did not meet the designated listing.

## RFC Determination

Claimant next contends the ALJ failed to include all of her limitations in his RFC assessment. Dr. Patricia Walz provided a medical source statement dated August 30, 2010 wherein she found Claimant was extremely limited in nine functional areas, severely limited in an additional twelve areas, and markedly limited in

fifteen areas.  (Tr. 339-41).  The ALJ found the report was not supported by the medical record and afforded it diminished weight. (Tr. 361).  The ALJ proceeded through a detailed analysis of the evidentiary record and Claimant's own testimony to conclude Dr. Walz's opinions were not supported.  (Tr. 361-63).  Indeed, Dr. Walz's opinions were directed contradicted by the remainder of the medical evidence including reports from Drs. Horton, Goodrich, Hartley, Ghai, and Holloway.  (Tr. 287, 325, 328, 633-34, 655, 672).

The ALJ is required to evaluate every medical opinion in the record.  Salazar v. Barnhart, 468 F.3d 615, 625-26 (10th Cir. 2006).  Opinions by consultative physicians must be evaluated according to the factors contained in 20 C.F.R. § 416.927(c). These factors include (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Chapo

11

v. Astrue, 682 F.3d 1285, 1291 (10th Cir. 2012). After evaluating the opinion using these factors, the ALJ must provide a valid explanation for the weight afforded the opinion and provide specific and legitimate reasons if the opinion is rejected. Id. In this case, the ALJ's decision includes the specificity and legitimacy required for the diminished weight given to Dr. Walz's opinion and is not erroneous.

**Step Five Analysis**

Claimant concludes with an argument that the ALJ did not include all of her limitations in the hypothetical questioning of the vocational expert. Since this Court has determined that the ALJ did not err in his evaluation of Claimant's functional limitations, a review of the hypothetical questioning in the record demonstrates the ALJ's questioning was accurate.

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical

questions need only reflect impairments and limitations borne out by the evidentiary record.  <u>Decker v. Chater</u>, 86 F.3d 953, 955 (10th Cir. 1996).  Moreover, Defendant bears the burden at step five of the sequential analysis.  <u>Hargis</u>, 945 F.2d at 1489.  The ALJ's questioning did mirror Claimant's impairments and did not constitute reversible error.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE